

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00046-CV

ARJANA MUHAMETAJ, D/B/A
LITTLE BROTHERS FAMILY
RESTAURANT

APPELLANT

V.

NORTHERN TRUST BANK OF
CALIFORNIA, N.A., AND BRUCE R.
MCALLISTER, NOT PERSONALLY
BUT SOLELY AS CO-TRUSTEES
OF THE MRM 1990 TRUST F/B/O
BRUCE MCALLISTER AND
NORTHERN TRUST BANK OF
CALIFORNIA, N.A., AND MARGOT
B. MCALLISTER, NOT
PERSONALLY BUT SOLELY AS
CO-TRUSTEES OF THE MRM 1990
TRUST F/B/O MARGOT B.
MCALLISTER F/K/A MARGOT M.
DIPPERT

APPELLEES

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

# MEMORANDUM OPINION[1]

----------

The trial court signed a final summary judgment on September 27, 2011. Appellant Arjana Muhametaj, d/b/a Little Brothers Family Restaurant, filed a timely motion for new trial on October 3, 2011. The notice of appeal was therefore due December 27, 2011.[2] It was not filed, however, until January 30, 2012. The notice of appeal was therefore untimely.[3]

On February 6, 2012, we notified Appellant by letter that we were concerned that we lack jurisdiction over this appeal because the notice of appeal was not timely filed. We stated that unless Appellant or any party filed with this court, on or before February 16, 2012, a response showing grounds for continuing the appeal, the appeal was subject to dismissal for want of jurisdiction.

On February 14, 2012, Appellees Northern Trust Bank of California, N.A., and Bruce R. McAllister, not Personally but Solely as Co-Trustees of the MRM 1990 Trust f/b/o Bruce McAllister and Northern Trust Bank of California, N.A., and Margot B. McAllister, not Personally but Solely as Co-Trustees of the MRM 1990 Trust f/b/o Margot B. McAllister f/k/a Margot M. Dippert filed a motion to dismiss for want of jurisdiction based on Appellant's untimely notice of appeal.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. R. App. P. 26.1(a).

[3]*See id.*

2

On February 16, 2012, Appellant filed two motions for extension, stating among other things that "[f]ailure to file notice of Appeal on time was not deliberate or intentional, but was the result of inadvertence, mistake or mischance[—a] mistake of the law consisting of belief that the appeal did not need to be perfected until after the [trial] court made findings of fact."

We continued the appeal with the motions pending. But as Appellees point out in their motion to dismiss the appeal, the notice of appeal was filed more than fifteen days late. Consequently, Appellant's reasonable explanation for the late notice of appeal does nothing to entitle Appellant to an appeal.[4]

Accordingly, we grant Appellees' motion to dismiss this appeal for want of jurisdiction, we dismiss this appeal for want of jurisdiction,[5] and we dismiss Appellant's motions as moot.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: March 15, 2012

---

[4]*See* Tex. R. App. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

[5]*See* Tex. R. App. P. 42.3(a), 43.2(f).